

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALVIN MEAD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-3058** |
| **WARDEN BURL CAIN** | **SECTION "T"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *See* Title 28 U.S.C. § 2254(e)(2).[1]

## I.     Factual and Background

The petitioner, Alvin Mead ("Mead"), is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On February 26, 1998, Mead and a co-defendant, Natasha J. Jones, were charged by Bill of Information in Orleans Parish with possession of 28 grams or more, but less than

---

[1]Under Title 28 U.S.C. § 2254(e)(2), the District Court may hold an Evidentiary Hearing only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by an exercise of due diligence, and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 2.

DATE OF ENTRY

JAN 3 1 2005

Fee_____
Process_____
X /Dktd_____
✓ CtRmDep.___4_
___ Doc No ____

DATE OF MAILING ____ **JAN 3 1 2005**

200 grams of crack cocaine, or of a mixture containing a detectible amount of crack or cocaine or of its analogues.[3]

The record reflects that, on the night of October 5, 1997, Officer Travis McCabe, Sergeant Steven Gaudet, and Officer Eric Hite were on uniformed patrol in a marked police unit in New Orleans, Louisiana.[4] The officers turned left from First Street onto Dryades Street and ended up behind a vehicle driven by Natasha Jones with Alvin Mead as the passenger. Jones began to drive recklessly and ran a stop sign.

Officer McCabe then activated the siren and lights to initiate a stop. Jones accelerated. Officer McCabe noticed that the passenger, Mead, threw a large white object out of the window. The object hit a parked car and fell into the street. At that time, Jones stopped her car at the curb.

When the officers exited their police unit, Officer McCabe recovered the object and determined it to be a white piece of paper wrapped around a plastic bag filled with a white powdery substance, later determined to be cocaine. Mead became irrational after the officers stopped him and had to be restrained. Officer McCabe then arrested Mead and Jones.

Mead and Jones were tried jointly before a jury on May 5, 1999.[5] Jones was acquitted and Mead was found guilty as charged.[6]

---

[3]St. Rec. Suppl. Vol. 1 of 1, Bill of Information, 2/26/98.

[4]The facts were taken from the unpublished opinion of the Louisiana Fourth Circuit Court of Appeal. St. Rec. Vol. 1 of 2, 4th Cir. Opinion, 99-KA-2686, 9/27/00; *State v. Mead*, 99-2686, 771 So. 2d 329 (La. App. 4 Cir. 9/27/2000) (table).

[5]St. Rec. Suppl. Vol. 1 of 1, Trial Minutes, 5/5/99; St. Rec. Vol. 1 of 2, Trial Transcript, 5/5/99.

[6]St. Rec. Vol. 1 of 2, Verdict of the Jury (Mead), 5/5/99; Verdict of the Jury (Jones), 5/5/99.

The State thereafter filed a multiple bill against Mead as a third offender.[7] At a hearing held June 21, 1999, the Trial Court adjudicated Mead to be a multiple offender.[8] After a waiver of legal delays, the Trial Court sentenced Mead to life imprisonment without benefit of parole, probation, or suspension of sentence.[9] At the same hearing, Mead's counsel filed a motion to reconsider the sentence, which the Trial Court promptly denied.[10]

## II.   Procedural Background

Mead, through counsel, appealed his conviction and sentence to the Louisiana Fourth Circuit Court of Appeal raising the following grounds for relief:[11] (1) insufficient evidence to support a conviction for possession of cocaine; and (2) the life sentence under the habitual offender statute is unconstitutionally excessive. Mead raised three additional pro se assignments of error:[12] (1) the trial judge erred in granting the State's motion in limine to prevent the defense from referencing the mandatory minimum incarceration to which he was exposed; (2) the trial court erred in denying the defendant's motion for mistrial after a prejudicial remark by a prospective juror during voir dire; and (3) the trial court erred in denying the defendant's motion to recuse because of the trial judge's role in a charge conference during a prior drug prosecution against the defendant.

---

[7] St. Rec. Suppl. Vol. 1 of 1, Multiple Bill, 6/21/99.

[8] St. Rec. Suppl. Vol. 1 of 1, Sentencing Minutes, 6/21/99.

[9] *Id.*; St. Rec. Vol. 1 of 2, Sentencing Transcript, 6/21/99.

[10] *Id.*; St. Rec. Suppl. Vol. 1 of 1, Motion to Reconsider Sentence, 6/21/99.

[11] St. Rec. Vol. 1 of 2, Motion for Appeal, 6/21/99; 4th Cir. Opinion, 99-KA-2686, 9/27/00.

[12] St. Rec. Vol. 1 of 2, 4th Cir. Opinion, 99-KA-2686, 9/27/00.

On September 27, 2000, the Louisiana Fourth Circuit found the grounds raised to be without merit and therefore affirmed Mead's conviction and sentence.[13]

Mead did not seek rehearing or timely file for review in the Louisiana Supreme Court.[14] His conviction therefore became final 30 days later, on October 27, 2000.[15] *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process).

On January 25, 2001, two months after his conviction became final, Mead filed an untimely[16] Writ Application in the Louisiana Supreme Court seeking review of the claims raised on appeal.[17] The petition was designated as an "unt[imely] KO" by the clerk of that court.[18] The Supreme Court instead treated the application as a post-conviction application seeking supervisory and/or remedial writs and denied the application without reasons on September 21, 2001.[19]

Six months later, on March 22, 2002, Mead signed a Memorandum in Support of Post-Conviction Relief Application which he submitted to the State Trial Court.[20] He alleged the

---

[13]*Id.*

[14]*Id.*, p. 11.

[15]La. S.Ct. R. X§5(a) provides that an application seeking review of the judgment of the court of appeal shall be made within 30 days of the issuance of the judgment. *See also* La. Code Crim. Proc. art. 922(A).

[16]*Id.*

[17]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 01-KH-0261, 1/25/01; St. Rec. Suppl. 1 of 1, La. S. Ct. Letter, 2001-KH-261, 1/26/01.

[18]*Id.*, p. 1.  The "KO" designates this as a "Pro Se Writ after Appeal to Court of Appeal." *See* Louisiana Supreme Court Case Type Abbreviation Key at http://www.lasc.org/opinion_search.asp.

[19]*State ex rel. Mead v. State*, 2001-0261, 797 So.2d 72 (La. 9/21/2001); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2001-KH-0261.

[20]St. Rec. Suppl. Vol. 1 of 2, Memorandum in Support of Post-Conviction Relief Application, signed 3/22/02. The record copy does not bear a file stamp date.

4

following grounds for relief: (1) improper double enhancement in habitual offender proceedings; (2) insufficient proof that predicate plea was constitutionally obtained; (3) ineffective assistance of counsel for failure to inform petitioner of a possible plea agreement, failure to challenge insufficient predicate to plea, and failure to challenge the predicate plea used in prior habitual proceeding.  On March 27, 2002, the Trial Court denied the application on procedural grounds stating that errors in the multiple offender proceeding were not cognizable on post-conviction review citing La. Code Crim. P. art. 930.3 and *State ex rel. Melinie*, 93-1380, 665 So.2d 1172 (La. 1/12/96).[21]

On May 1, 2002, Mead filed an untimely[22] Writ Application in the Louisiana Fourth Circuit raising the same three grounds for relief.[23]  The Louisiana Fourth Circuit denied the Application on June 17, 2002, finding no error in the trial court's ruling.[24]

---

[21]St. Rec. Suppl. Vol. 1 of 1, Judgment, 3/27/02.  La. Code Crim. P. art. 930.3 establishes that post-conviction relief will not be granted unless the petitioner can establish that: (1) the conviction was obtained in violation of the state or federal constitution; (2) the court exceeded its jurisdiction; (3) the conviction or sentence subjected him to double jeopardy; (4) the limitations on the institution of the prosecution had expired; (5) the statute creating the offense for which he was convicted and sentenced is unconstitutional; (6) the conviction or sentence constitute the ex post facto application of law in violation of the federal or state constitution; (7) the results of DNA testing performed proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.  In *Melinie*, the Louisiana Supreme Court, relying on La. Code Crim. P. Art. 930.3, ruled that claims of excessive sentence or errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief.

[22]Pursuant to La. Uniform App. R. 4-3, a petitioner has 30 days to file for review in the appellate court.  *Dixon v. Cain*, 316 F.3d 553, 556 (5th Cir. 2003) (citing *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001)); *Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765 (5th Cir. 2004).

[23]St. Rec. Suppl. Vol. 1 of 1, 4th Cir. Writ Application, 2002-K-0849, 5/1/02.  The copy of the application in the record provided by the State does not bear a file stamp.  The filing date was obtained from the Office of the Clerk of Court for the Louisiana Fourth Circuit.

[24]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2002-K-0849, 6/17/02.

Mead also later filed an untimely[25] Writ Application in the Louisiana Supreme Court on July 24, 2002, seeking review of his three post-conviction claims.[26]  The Application was denied without reasons on August 29, 2003.[27]

## III.   Federal Petition

On November 20, 2003, Mead filed a Petition for Federal Habeas Corpus Relief in which he raised six grounds for relief:[28] (1) the evidence was insufficient to support a conviction for possession of cocaine; (2) the life sentence under the habitual offender statute was unconstitutionally excessive; (3) ineffective assistance of counsel for failure to inform petitioner of a possible plea agreement until the morning of trial, failure to discuss the ramifications of the possible plea, and failure to make a recommendation regarding acceptance of the plea; (4) ineffective assistance of counsel for failure to predicate pleas and require to prove they were knowing and intelligent; (5) the trial court erred in denying the defendant's motion for mistrial after a prejudicial remark by a prospective juror during voir dire; and (6) the trial court erred in denying the defendant's motion to recuse because of the trial judge's role in a charge conference during a prior drug prosecution against the defendant.

---

[25]Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5(a), Mead had 30 days from the issuance of the Louisiana Fourth Circuit's opinion to file a timely writ application in the Louisiana Supreme Court, which he did not do.

[26]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 02-KH-2063, 7/24/02; St. Rec. Suppl. Vol. 1 of 1, La. S. Ct. Letter, 7/24/02.

[27]*State ex rel. Mead v. State*, 2002-2063, 852 So.2d 1009 (La. 8/29/03); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2002-KH-2063, 8/29/03.

[28]Rec. Doc. No. 2.

In its response, the State concedes that Mead has exhausted available state court remedies and contends, without explanation or calculation, that Mead's petition is timely filed.[29] The State also argues that Mead's claims are without merit. As will be discussed below, the State's timeliness and finality calculations are erroneous.

IV.     **Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, went into effect on April 24, 1996[30] and applies to habeas petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA therefore applies to Mead's petition, which, for reasons discussed below, is deemed filed in this court under "the mailbox rule" on October 6, 2003.[31]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default"

---

[29]Rec. Doc. No. 7.

[30]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[31]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The Clerk of Court filed Mead's federal habeas petition on November 20, 2003, when he paid the filing fee. Mead did not sign the petition nor did he date his signature on the memorandum in support. However, he did date his signature on the pauper application attached to the petition on October 6, 2003. Affording him every benefit, the Court will consider this to be the earliest date on which he could have delivered the package of documents to prison officials in anticipation of mailing. The fact that he paid the filing fee at a later date does not alter the application of the mailbox rule to this pro se petition. *Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

A review of the records before the Court reflects that Mead has exhausted available state court remedies. However, as discussed *infra* in more detail, the State has erroneously concluded that Mead's federal petition is timely. A proper calculation using appropriate United States Fifth Circuit and Supreme Court precedent, not adhered to or addressed by the State, demonstrates that Mead's petition is not timely filed and should be dismissed for that reason.

## V. Statute of Limitations

### A. No Waiver of the Limitations Defense

The AEDPA's statute of limitations is an affirmative defense, rather than a jurisdictional mandate. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Consequently, the limitations defense may be waived, but the waiver must be express and intentional. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001) (citing *Smith v. Johnson*, 216 F.3d 521 (5th Cir. 2000)); *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998).

In the instant case, the State's calculation of the finality date of Mead's conviction and the tolling periods are inaccurate under the law and therefore erroneous. Under a proper calculation, using proper precedent as set forth below, Mead's petition is not timely filed. The State could not have intended to commit error or mistake through its counsel's miscalculations and misapplication of the law in a response memo and thus did not expressly waive its limitations defense by incorrectly concluding that the petition is timely. *See Simpkins v. Wash. Metro. Area Transit Auth.*, 2 F.

Supp.2d 52 (D.D.C. 1998) (calculation error based on mistake did not constitute waiver of limitations defense).

Furthermore, this court is not required to accept a waiver, either express or implicit, where it is not judicially warranted. *Kunkle v. Dretke*, 352 F.3d 980, 989-90 (5th Cir. 2003) (citing *McGee v. Estelle*, 722 F.2d 1206 (5th Cir. 1984), and *Granberry v. Greer*, 481 U.S. 129 (1987)); *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996). For these reasons, the Court finds that the State has not waived the limitations defense through its inaccurate calculation of the finality of conviction and the limitations and tolling periods.

**B.    The Petition Is Not Timely Filed**

The AEDPA requires a petitioner to bring his § 2254 petition within one year of the date his conviction became final.[32] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). Mead's conviction became final on October 27, 2000, when he did not appeal or seek reconsideration of his sentence. Under the plain language of § 2244, Mead had until Saturday, October 27, 2001, or until the next business day thereafter, October 29, 2001, to file a timely federal application for habeas corpus relief

---

[32]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. Title 28 U.S.C. § 2244(d).

and he failed to do so.  Thus, literal application of the statute would bar Mead's § 2254 petition as of that date unless he is entitled to statutory tolling.[33]

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* Title 28 U.S.C. § 2244(d)(2).  In order for a State post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.  *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in

---

[33]The doctrine of equitable tolling does not apply in this case because there is no rare or extraordinary circumstance warranting its application and petitioner has not alleged any. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). The Court need only determine whether Mead is entitled to statutory tolling.

a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). However, the federal courts have also determined that requests for transcripts and copies from the record, like those filed by petitioner, are not applications for post-conviction or other collateral review and do not affect the timeliness calculations. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); *see also Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. Jul. 18, 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript, not required to file an application, does not warrant equitable tolling). Mead is not entitled to any tolling for the requests for transcripts and copies he filed in the State Trial Court.

In this case, Mead's federal filing period began to run on October 28, 2000, the day after his conviction became final. The filing period ran uninterrupted for 365 days, until October 27, 2001, or until the next business day, October 29, 2001, when it expired. Mead had no properly filed state application for post-conviction relief or other collateral review pending during that time for AEDPA limitations purposes.

The state court record reflects that Mead filed a writ application in the Louisiana Supreme Court during that time period, on January 25, 2001. That filing, however, was untimely under La. S. Ct. R. X§5(a) because it was filed more than 30 days after the Louisiana Fourth Circuit ruled on Mead's direct appeal. Under federal habeas corpus law, which was not followed by the State in the

11

timeliness calculation contained in its response memorandum, this filing <u>cannot</u> be considered in the tolling calculation under AEDPA for the following reasons.

The United States Fifth Circuit Court of Appeals has recognized that, under Louisiana law, specifically La. S. Ct. R. X§5(a), a party must file an application for supervisory writs in the Louisiana Supreme Court within 30 days after the intermediate state appellate court issued its ruling. The rule expressly <u>prohibits</u> any extension of the 30-day period and provides for <u>no</u> exceptions. *Williams*, 217 F.3d at 309; *Boyd v. Ward*, 2001 WL 533221 (E.D. La. May 15, 2001) (Porteous, J.).

Because of this state procedural rule, the Fifth Circuit has held that a writ application to the Louisiana Supreme Court which fails to comply with La. S. Ct. R. X§5(a) is <u>not</u> properly filed because it is untimely, and post-conviction review is <u>not</u> pending for purposes of the AEDPA's statute of limitations and tolling doctrines. *Williams*, 217 F.3d at 309-11. Under this doctrine, Mead cannot benefit from any tolling as a result of his improperly filed and untimely writ application in the Louisiana Supreme Court. He is not entitled to any further tolling for his subsequent filings made after expiration of the AEDPA's one year filing period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For these reasons, the one-year statute of limitations period applicable to Mead's federal petition expired as calculated above on October 27, or 29, 2001. Mead's federal habeas corpus petition, deemed filed on October 6, 2003, was filed almost two years after the AEDPA filing period expired. His federal habeas petition is untimely and should be dismissed as time-barred.

## VI.  Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Alvin Mead's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____ day of _____, 2005.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

13