

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALVIN MEAD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-3058** |
| **WARDEN BURL CAIN** | **SECTION "T"(4)** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This matter was previously referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. On January 31, 2005, the undersigned issued a Report and Recommendation (Rec. Doc. No. 9) in which it was recommended that Alvin Mead's ("Mead") federal habeas corpus petition be dismissed as untimely.

In an Order entered June 13, 2005 (Rec. Doc. No. 11), the District Judge considered Mead's suggestion that the state mailbox rule should be applied to his state pleadings to provide either statutory or equitable tolling. In order to address this argument, the District Judge directed the undersigned to have Mead submit proof of what documents had been mailed to the state courts under cover of certain certified mail receipts submitted with the objection. The Magistrate Judge issued an Order on June 15, 205, directing Mead to so comply. (Rec. Doc. No. 12).

On July 5, 2005, Mead filed a pleading entitled "Objection to Magistrate's Order" on July 5, 2005. (*See* Rec. Doc. No. 13). To the extent the pleading is a response to the undersigned's June 15, 2005, Order, this Supplemental Report and Recommendation is issued.

## I.   Prior Report and Recommendation

As stated, on January 31, 2005, the undersigned issued a Report and Recommendation (Rec. Doc. No. 9) in which it was recommended that Mead's federal habeas corpus petition be dismissed as untimely. The Report and Recommendation is adopted herein in whole by reference and is supplemented by the following findings.

## II.   Mead's Federal Petition is Untimely

In the prior detailed Report and Recommendation, the undersigned resolved that Mead was not entitled to any equitable tolling and that his one-year filing period under the AEDPA ran uninterrupted, without benefit of statutory tolling, from October 28, 2000, the day after his conviction became final, until October 27, 2001, or until the next business day, October 29, 2001, when it expired. The Court resolved that Mead had no properly filed state application for post-conviction relief or other collateral review pending during that time for AEDPA limitations purposes which would have entitled him to statutory tolling.

### A.   Statutory Tolling

The only state court pleading relevant to this period of time is Mead's writ application in the Louisiana Supreme Court filed January 25, 2001.[1] That filing was untimely under La. S. Ct. R. X§5(a) and La. Code Crim. P. art. 922 because it was filed more than 30 days after the Louisiana

---

[1] St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 01-KH-0261, 1/25/01; St. Rec. Suppl. 1 of 1, La. S. Ct. Letter, 2001-KH-261, 1/26/01.

Fourth Circuit affirmed his conviction. In fact, the application was designated as an "unt[imely] KO" by the Clerk of the Louisiana Supreme Court.[2] Under federal habeas corpus law, this untimely filing <u>cannot</u> be considered in the tolling calculation under the AEDPA for the following reasons.

The United States Fifth Circuit Court of Appeals has held that a writ application to the Louisiana Supreme Court, which fails to comply with La. S. Ct. R. X§5(a), is <u>not</u> properly filed because it is untimely, and post-conviction review is <u>not</u> pending for purposes of AEDPA's statute of limitations and tolling doctrines. *Williams v. Cain*, 217 F.3d 303, 309-11 (5th Cir. 2000) (quoting *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999)); *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000). The United States Supreme Court has recently spoken on the issue of untimely state pleadings. "When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1812 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Under this doctrine, Mead cannot benefit from any tolling as a result of his improperly filed and untimely writ application in the Louisiana Supreme Court.

Furthermore, under federal habeas corpus law, a <u>state mailbox rule would not be considered or applied </u>to change this conclusion. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Richardson v. Dretke*, 85 Fed. Appx. 394, 395 (5th Cir. 2004); *Kestler v. Cockrell*, 73 Fed. Appx. 690, 691 (5th Cir. 2003); *Porter v. Dretke*, 2005 WL 1185808 at *5 (S.D. Tx. May 19, 2005). The United States Fifth Circuit refuses to extend the mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988), to state post conviction filings filed in state court for AEDPA tolling

---

[2]*Id.*, p. 1. According to the Clerk of the Louisiana Supreme Court, the "KO" designates this as a "Pro Se Writ after Appeal to Court of Appeal."

3

purposes. *Coleman*, 184 F.2d at 402; *Torns v. Mississippi*, 54 Fed. Appx. 592, 2002 WL 31730353 (5th Cir. Nov. 22, 2002) (refusing to apply state mailbox rule to state pleadings for tolling purposes even though Mississippi recognizes *Houston v. Lack*).

In *Coleman*, the court declined to extend the mailbox rule, holding that "[u]nlike this court's prior extensions of *Houston*, such a ruling would require us to interpret state rules of filing and to address the filing systems of state courts." *Id.* at 402. As an example, in this Court, Mead himself concedes that the file-stamp dates do not match the dates he allegedly mailed the pleadings at issue. This Court has no way of knowing whether the state courts intended to apply *Houston* and in fact, the state courts did <u>not</u> use the alleged mailing dates as the filing date. Instead, the filing dates reflect a filing on the date the pleading was received in the respective courts. *Coleman* does not require this federal court to engage in, and in fact relieves the Court from engaging in, this type of guess work and exercise in determining the applicability of a state mailbox rule. *Id.* The state mailbox rule does not apply and Mead is therefore not entitled to any statutory tolling in connection therewith.

B.   <u>**Equitable Tolling**</u>

The *Coleman* court, however, allowed for consideration of equitable tolling considerations consistent with federal law where a petitioner contends that his ability to file a <u>federal</u> habeas petition was affected by a state proceeding. *Id.* In considering equitable relief, the *Coleman* court determined that, mathematically, if the petitioner had mailed his state petition on the date alleged, and was granted equitable tolling for the pendency of that state court petition, the tolling would have caused his federal petition to be timely. *Coleman* at 402. However, as the Fifth Circuit has since clarified, "[t]he application of our rule in *Coleman* is not itself a 'rare and exceptional circumstance' sufficient to justify the application of equitable tolling." (citation in footnote omitted) *Miller v.*

*Cockrell*, 45 Fed. Appx. 326, 2002 WL 1899595, No. 00-20930 at *4 (5th Cir. Jul. 11, 2002) (Table) (unpublished).[3] Thus, the fact that a state mailbox rule is not applied does not entitle Mead to the application of equitable tolling. This would defeat the very purpose of the rule in *Coleman*. *Id.*

Instead, equitable tolling would require the court to consider, as in any other case, whether the petitioner has been diligent in his pursuit of federal habeas relief and whether some rare or extraordinary circumstance entitles him to tolling. *Pace*, 125 S.Ct. at 1814; *Coleman* at 402. In *Coleman*, the court went on to find that Coleman was not diligent and was not entitled to equitable tolling because he waited six months to file his federal petition after learning that his state relief had been denied. *Coleman*, 184 F.3d at 402.

A similar result must be reached in this case. The record reflects that Mead did not file for federal habeas corpus relief until October 6, 2003.[4] This filing was three years after his conviction became final and more than two years after the Louisiana Supreme Court denied the untimely writ application in question. As discussed below, Mead also contributed to the alleged delay, if any, in filing his Louisiana Supreme Court writ application on January 25, 2001. He also waited more than six months after the denial of that writ application to file for state post-conviction relief. Furthermore, as outlined in detail in the original Report and Recommendation, his subsequent writ applications to the Louisiana Fourth Circuit and the Louisiana Supreme Court were also untimely, having been filed outside of the periods allowed by La. App. Rule 4-3, La. Code Crim. P. art. 922

---

[3] Although the *Miller* opinion is not published, the Court find its analysis persuasive.

[4] This date is reached by applying the federal mailbox to rule to Mead's federal pleading, a wholly distinct concept from that dealing with his state filings. The Fifth Circuit has recognized that a federal "mailbox rule" applies to pleadings, including habeas corpus petitions filed in federal courts after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. *Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002); *Coleman*, 184 F.3d at 401; *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

and La. S. Ct. R. X§5(a). Mead has not been diligent in his pursuit of state or federal relief nor has he established any rare or extraordinary circumstances which would entitle him to equitable tolling under *Coleman* or under the strictures set forth by the United States Supreme Court in *Pace*. *Pace*, 125 S.Ct. at 1814 (the AEDPA filing period may be equitably tolled <u>only</u> when the petitioner has pursued his rights diligently and there exists rare or extraordinary circumstances which prevented timely filing.).

In addition to the mailbox rule, Mead also suggests in his most recent "objection" that he tried to mail his writ application to the Louisiana Supreme Court on October 27, 2000, but the pleadings were returned to him on December 20, 2000 because the clerk mistakenly believed that his appeal was still pending. Nevertheless, even if the Court is to consider the attachments to Mead's "objection," he has still failed to establish a basis for equitable tolling for the untimely filing of the Louisiana Supreme Court writ application on January 25, 2001, for the following reasons.

Mead suggests, that the "letter" referred to by the Clerk of the Louisiana Supreme Court in its December 20, 2000 letter was the same writ application that he later filed on January 25, 2001. However, the Court cannot ascertain from the clerk's letter or Mead's submissions, what the contents of the "letter of October 27, 2000" truly were.[5] Nevertheless, even assuming that the referenced "letter" was a copy of Mead's writ application, the pleading was returned to Mead on December 20, 2000, a fact he readily admits.

Mead, however, has offered <u>no</u> explanation as to why he waited more than month from that time to "re-submit" his writ application to the Louisiana Supreme Court. Mead himself was

---

[5]Although Mead provides a copy of a writ application which bears a signature date of October 26, 2000, there is nothing on the document to indicate that it was ever sent to or seen by the Clerk of the Louisiana Supreme Court.

therefore responsible for this significant delay and therefore was not diligent. He therefore is not entitled to equitable tolling.

In conclusion, under the dictates of *Coleman* and *Williams* set forth above, the state mailbox rule is not applied for purposes of affording Mead statutory tolling for his untimely filings. The record also fails to demonstrate that Mead would be entitled to any equitable tolling under the circumstances of his case. For the foregoing reasons, Mead is <u>not</u> entitled to any tolling, statutory or equitable, for the Louisiana Supreme Court writ application <u>un</u>timely filed on January 25, 2001. His federal petition is therefore untimely filed.

Finally, the Court notes again that Mead is not entitled to any further tolling for his subsequent state filings made after expiration of the AEDPA's one-year filing period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The Court has also already outlined in the original report why the subsequent filings to the Louisiana Fifth Circuit and the Louisiana Supreme Court were also untimely and reiterates that the state mailbox rule is not applicable to those pleadings either.

For the foregoing reasons, and those set forth in the prior Report and Recommendation (Rec. Doc. No. 9), Mead's federal habeas petition is untimely and should be dismissed as time-barred.

### III.  Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Alvin Mead's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_14th\_\_\_ day of \_\_\_July\_\_\_, 2005.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE