# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| ALVIN MEAD | CIVIL ACTION |
| --- | --- |
| VERSUS | NO: 03-3058 |
| BURL CAIN | SECTION: "C" (4) |

## ORDER AND REASONS

Before the Court is an application for federal habeas corpus relief by Alvin Mead ("Petitioner"), filed pursuant to 28 U.S.C. § 2254. Petitioner is seeking relief from his June 21, 1999 sentence of life imprisonment as a multiple offender following his conviction for possession of cocaine.

After reviewing the complaint, the record, the applicable law, the Magistrate Judge's Report and Recommendation, (Rec. Doc. 32) and the petitioner's objections thereto, this Court approves the Magistrate Judge's Report and Recommendation regarding petitioner's first, second, fifth, and sixth claims and adopts it as its opinion herein; the petitioner's third and fourth claims will be addressed separately below.

## II. Procedural Default (Claim Nos. 3 and 4)

Although this Court ultimately reaches the same conclusion as the Magistrate Judge's Report and Recommendation regarding the petitioner's third and fourth claims, it does so on somewhat different grounds, making the following analysis appropriate.

Mead alleges two separate claims of ineffective assistance of counsel. Claim 3 stems from petitioner's allegations regarding his counsel's failure to notify him of a plea offer until the morning of trial, failure to discuss the ramifications of a possible plea, and failure to make a recommendation regarding acceptance of the plea. Claim 4 arises from the petitioner's multiple offender hearing and counsel's alleged failure to challenge the predicate pleas and to require the state to prove that the prior pleas were knowingly and intelligently made.

Mead raised these claims for the first time in his state application for post-conviction relief ("PCR"). The trial court determined that these claims arose from the multiple bill proceedings and were therefore inappropriate for post-conviction review. The trial court denied Mead's application pursuant to Louisiana Code of Criminal Procedure article 930.3 and *State ex rel. Melinie v. State*. 665 So.2d 1172.[1] The Louisiana Fourth Circuit Court of Appeal and the

---

[1] Under article 930.3, post conviction relief will not be granted unless the petitioner establishes that: "(1) the conviction was obtained in violation of the state or federal constitution; (2) the court exceeded its jurisdiction; (3) the conviction or sentence subjected him to double jeopardy; (4) the limitations on the institution of the prosecution had expired; (5) the statute creating the offense for which he was convicted and sentenced is unconstitutional; (6) the conviction or sentence constitute ex post facto application of law in violation of the state or federal constitution; (7) the results of DNA testing performed proved by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted." *Lott v. Miller*, 2008 WL 4889650 at 5 (E.D. La. 2008); *see* LA. CODE CRIM. P. 930.3. The Louisiana Supreme Court held in *State ex rel. Melinie v. State* that claims of excessive sentence or errors in sentencing are not proper grounds for post-conviction relief, but instead fall exclusively within the purview of the direct appeals process as per article 930.3. 665 So.2d 1172 (La. 1996).

Louisiana Supreme Court denied Mead's subsequent writ applications without reasons. As such, the trial court's procedural denial was the last reasoned decision issued by a state court.

In *Ylst v. Nunnemaker*, the United States Supreme Court established that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." 501 U.S. 797, 803 (1991). Such is the case in the instant matter.

**A. "Independent and Adequate State Law" Doctrine**

Generally, a federal court will not review a question of federal law decided by a state court if that decision rests on a state ground that is both independent of the merits of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *see also Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989). The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 731-32; *Amos*, 61 F.3d at 338. This species of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

In this case, the state trial court barred review of Mead's claims as inappropriate for post-conviction review pursuant to article 930.3. *See* LA.C.CRIM.P. art. 930.3. This Court must now consider whether the bar prohibits consideration of the claims on federal habeas corpus review.

3

For this state-imposed procedural bar to preclude review by a federal court, the bar must be independent and adequate. *Coleman*, 501 U.S. at 731-32.

### 1. Independent State Grounds

A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. *Amos*, 61 F.3d at 338; *Lott v. Miller*, 2008 WL 4889650 at 5 (E.D. La. 2008). In this case, the trial court relied exclusively on a Louisiana procedural default rule and case law in dismissing petitioner's post-conviction claims of ineffective assistance of counsel, Rec. Doc. 32 at 17, both of which prohibit post-conviction review of claims of excessive sentence or errors in sentencing, or claims arising from multiple offender proceedings and sentences. See LA.C.CRIM.P. art 930.3; *Melinie*, 665 So.2d 1172; *State ex rel. Brown v. State*, 870 So.2d 976 (La. 2004). The state trial court's ruling was therefore based on an independent state ground.

Moreover, the trial court gave the last reasoned decision refusing to consider these particular claims. As a result, it is presumed that the Fourth Circuit and the Louisiana Supreme Court dismissed Mead's claims on the same grounds. *See Ylst*, 501 U.S. at 803.

### 2. Adequate State Grounds

The adequacy of a state procedural bar is itself a federal question. *Lott*, 2008 WL 4889650 at 6 (citing *Douglas v. Alabama*, 380 U.S. 415, 422 (1965); *Jenkins v. Gramley*, 8 F.3d 505, 507 (7th Cir. 1993)). A state procedural bar is presumptively adequate when the state court expressly relies on it in deciding not to review a claim for collateral relief. *Id.* However, to be "adequate" within the meaning of this doctrine, the state procedural rule must be strictly or

4

regularly followed and evenhandedly applied to claims "identical or similar" to the petitioner's claim. *Glover*, 128 F.3d at 902 (citing *Amos*, 61 F.3d at 339); *see also Amos*, 61 F.3d at 341.

In keeping with this approach, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). "A federal court may not second-guess a state court's rule of procedure, but must evaluate whether the rule was actually applicable on the particular facts of the case. Otherwise, state courts could disregard federal rights with impunity simply by using the word 'waived.'" *Richardson v. Cain*, 2010 WL 1838642 at 10-11 (E.D. La. 2010) (citing *United States ex rel. Bradley v. Clark*, No. 99-C-1785, 2002 WL 31133094 at 4 n.2 (N.D. Ill. 2002).

For this reason, when state courts apply a procedural bar that has no foundation in the record or basis in state law, the federal courts need not honor that bar. *Davis v. Johnson*, 2001 WL 611164 at 4 n.10 (N.D. Tex. 2001); *see also Johnson v. Lensing*, 1999 WL 562728 at 4 (E.D. La. 1999). However, where such a basis does exist in state law, the bar must stand.

In this case, the state trial court relied on article 930.3 and related case law to bar review of Mead's ineffective assistance of counsel claims. The Court agrees with the Magistrate that claim 4 is barred because it arises exclusively from the multiple offender proceeding. *See* LA.C.CRIM.P. art 930.3; *State ex rel. Brown v. State*, 870 So.2d 976, 977 (La. 2004) (clarifying that article 930.3 prohibits raising habitual offender sentences in post-conviction hearings).

However, the Court must undertake a more thorough analysis to determine whether article 930.3 is adequate grounds to erect a procedural bar to petitioner's IAC claim regarding his attorney's failure to inform him of a plea offer until the morning of trial and to advise him as

5

to its ramifications. While federal courts have repeatedly held that article 930.3 is an adequate state law ground to dismiss PCR claims for ineffective assistance of counsel, this Court is bound to honor the procedural bar's adequacy only if the state courts have evenhandedly applied this rule to claims "identical or similar" to the petitioner's claim. *Glover*, 128 F.3d at 902 (citing *Amos*, 61 F.3d at 339); *see also Amos*, 61 F.3d at 341. Louisiana courts have frequently applied article 930.3 to IAC claims. *See* Rec. Doc. 32 at 20, citing *Hull v. Stalder*, 2000 WL 1598016 (5th Cir. 2000); *Dedmond v. Cain*, 2005 WL 1578086 (E.D. La. 2005); *Neal v. Kaylo*, 2001 WL 1195879 (E.D. La. 2001); *Leonard v. Hubert*, 2001 WL 333123 (E.D. La. 2001); *Marshall v. Hubert*, 2000 WL 1059820 (E.D. La. 2000).

None of those cases, however, effectively demonstrate that Louisiana state courts have consistently applied this bar to claims similar, let alone identical, to petitioner's Claim 3. The petitioner's IAC claims in *Hull* were grounded specifically in arguments of sentencing errors, which are themselves barred by article 930.3. 2000 WL 1598016 at 1. In *Dedmond*, petitioner's IAC claims dealt solely with counsel's performance during petitioner's multiple offender hearing—again a claim barred from post-conviction review by article 930.3. 2005 WL 1578086 at 1. The petitioner in *Kaylo* never raised a post-conviction claim of ineffective assistance of counsel. *Kaylo*, 2001 WL 1195879 at 2. More specifically, all of the petitioner's post-conviction claims exclusively challenge issues arising from the multiple offender adjudication. *Id.* In *Leonard*, the petitioner raised his claim for ineffective assistance of counsel on direct appeal, not in his petition for post-conviction relief, and challenged the accuracy of his multiple offender sentence. 2001 WL 333123 at 2, 4. In *Marshall*, the court never addressed the petitioner's ineffective assistance of counsel claim, as it was foreclosed due to the court's adverse ruling on a

separate issue. 2000 WL 1059820 at 6. In each of these cases, the petitioner's claims challenged either multiple offender sentences or, in one case, counsel's performance during the multiple offender hearing. In those situations, the imposition of article 930.3's procedural bar is unassailable.

It appears, however, that the use of article 930.3 to bar IAC claims in post-conviction proceedings by Louisiana courts is limited to challenges to sentencing and multiple offender adjudications. *See Melinie*, 665 So.2d 1172; *Brown*, 870 So.2d 976; *see also Richardson v. Cain*, 2010 WL 1838642 at 11 (E.D. La. 2010) (claim of ineffective assistance of counsel for failure to investigate and challenge the convictions in the multiple bill); *Wallace v. Cain*, 2009 WL 3367052 at 14 (E.D. La. 2009) (ineffective assistance of counsel claims based on the argument that the defendant was wrongfully adjudicated to be a third-felony offender); *Lott v. Miller*, 2008 WL 4889650 at 3 (E.D. La. 2008) (ineffective assistance of counsel claim was based on a failure to inform the defendant of the sentencing range, yet the claim was wholly unrelated to any plea offer); *Lee v. Cain*, 2004 WL 2984274 (E.D. La. 2004) (petitioner's claim based on denial of effective assistance of counsel during the direct appeal of his adjudication as a multiple offender).

Louisiana state courts have consistently held that an application for post-conviction relief is the proper vehicle by which to raise a claim of ineffective assistance of counsel that is not ancillary to the above situations. *See e.g., State v. Prudholm*, 446 So.2d 729, 737 (La. 1984) (noting that, when challenging the constitutional right to reasonably effective assistance of counsel, "a defendant's remedy is through [PCR] in the trial court where the quality of the attorney's assistance can be developed and explored."); *State v. Griffin*, 2002-KA-1703 (La.

App. 4 Cir. 1/15/03), 838 So.2d 34, 40 (explaining that ineffective assistance of counsel claims should be raised in an application for PCR because PCR creates the opportunity for a full evidentiary hearing); *State v. Griffin*, 02-1341 (La. App. 3 Cir. 3/5/03), 839 So.2d 1148, 1151 (same); *State v. Ellis*, 42520-KA (La. App. 2 Cir. 9/26/07); 966 So.2d 139, 150 (same).[2]

Here, petitioner's Claim 3 does not resemble any of those cases cited above and by the Magistrate. Petitioner is not challenging his sentence, nor is he challenging the adequacy of his counsel's representation during the multiple offender proceeding. Rather, Mead contends only that his counsel failed to inform him of a possible plea agreement before trial, and to properly advise him as to the ramifications of the plea should he accept or reject it. These deprivations, Mead asserts, violated his right to the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. Rec. Doc. 32 at 17.

As noted previously, article 930.3 of the Louisiana Code of Criminal Procedure enumerates the grounds on which post-conviction relief will be granted. Subsection 1 of that article states that relief shall be granted "[i]f the conviction was obtained in violation of the constitution of the United States . . . ." *See* LA.C.CRIM.P. 930.3(1). Claim 3 of Mead's petition falls squarely within the literal interpretation of this language. Defense counsel's failure to properly advise Mead of the plea offer and its consequences allegedly resulted in petitioner's uninformed decision to reject the plea and proceed to trial. As claim 3 of Mead's petition is a

---

[2] The exception to this rule occurs only when the defendant raises an IAC claim on direct appeal. When the record discloses sufficient evidence to rule on the merits of the claim, interests of judicial economy justify consideration of the issues on appeal. *State v. Seiss*, 428 So.2d 444 (La. 1983); *State v. Garland*, 482 So.2d 133 (La. App. 4 Cir. 1986). However, the question here is not whether the state appeals court should have heard the defendant's IAC claim; rather, the question here is whether article 930.3 bars a post-conviction claim of IAC based solely on counsel's constitutionally deficient performance before trial.

constitutional claim wholly unrelated to the defendant's sentence or to his adjudication as a multiple offender, the Court finds that article 930.3 of the Louisiana Code of Criminal Procedure is not adequate to bar review of the claim in federal court. *See Echols v. Kemna*, 511 F.3d 783 (8th Cir. 2007). Claim 3 must therefore undergo the analysis set forth by the United State Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), to determine whether his counsel's actions were constitutionally deficient.

### III. Strickland Test

The Sixth Amendment guarantees criminal defendants the right to an effective counsel. *Strickland*, 466 U.S. at 686. In *Strickland*, the Supreme Court established a two-prong test to determine counsel's effectiveness. First, the defendant must show that counsel's performance was constitutionally deficient. *Id.* at 687. This requires a showing that under a totality of the circumstances counsel failed to exercise the skills and diligence that a reasonably competent attorney would provide under similar circumstances.[3] *Id.* at 688. Second, the defendant must show that counsel's deficient performance prejudiced the defense. A petitioner satisfies the prejudice component if he establishes that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

#### A. Deficient Performance

---

[3] The Strickland Court pointed to "[p]revailing norms of practice as reflected in the American Bar Association standards as guides "to determining what is reasonable." *Strickland*, 466, U.S. at 688. However, the Strickland Court also noted that "[j]udicial scrutiny of counsel's performance must be highly deferential and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

Mead alleges that he learned of the plea offer only when the trial judge, on the morning of the trial's commencement, stated that defense counsel and the prosecution had discussed a plea bargain. 08-3173, Vol. 1 of 3. After the judge's statement, defense counsel informed Mead of the plea and asked if he wished to accept. *Id.* Mead asserts that at no point did his attorney discuss the particulars of the plea or offer any advice or recommendation on whether to accept or not. *Id.* Mead further avers that he had previously spoken with his attorney regarding his possible willingness to accept a plea agreement, but was repeatedly informed by counsel that the state did not intend to offer Mead a plea bargain and that trial was inevitable. *Id.*

Although an attorney need not "obtain a defendant's consent to every trial decision," where the issue is whether to plead guilty or not, "the attorney has a duty to advise the defendant of the available options and possible consequences" resulting from the decision. *Beckam v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1981); *see U.S. v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005) ("One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty"); *U.S. v. Thompson*, 2009 WL 3739413 at 5 (W.D. La. 2009). In the Fifth Circuit, failure to do so constitutes ineffective assistance of counsel for purposes of the Sixth Amendment.[4] *Id.*

A defendant has the right to make a reasonably informed decision whether to accept a plea offer. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). A defendant "cannot make a reasonably informed decision about a plea in the absence of counsel's advice about the advantages and

---

[4] Several other circuit courts have also found that failing to inform the defendant about a government plea offer amounts to ineffective assistance of counsel. *See, e.g., U.S. v. Blaylock*, 20 F.3d 1458 (9th Cir. 1994); *U.S. v. Rodriguez Rodriguez*, 929 F.2d 747 (1st Cir. 1991); *Johnson v. Duckworth*, 793 F.2d 898 (7th Cir. 1986); *U.S. ex rel. Caruso v. Zelinsky*, 689 F.2d 435 (3rd Cir. 1982).

disadvantages of the plea offer, or how it compared to the options of entering an open plea or going to trial." *Boyd v. Waymart*, 579 F.3d 330, 353 (3d Cir. 2009); *see Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995) ("In determining whether or not to plead guilty, the defendant should be made aware of the relevant circumstances and likely consequences so that he can make an intelligent choice"); *see also Von Moltke v. Gillies*, 332 U.S. 708, 721 (1948) ("Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings, and laws involved and then to offer his informed opinion as to what plea should be entered."). Included in that decision is knowledge regarding the comparative sentencing exposure between the accused's various options. *Boyd, 579 F.3d at 353*; *see also United States v. Day*, 969 F.2d 39, 40, 43 (3d Cir. 1992) (holding that a facially valid claim of ineffective assistance of counsel was presented by the defendants' allegation that, although his counsel informed him about a plea offer extended by the prosecutor, he did not counsel him about the potential sentencing implications).

Here, Mead never had the opportunity to make a reasonably informed decision about the plea. Thus, his decision to reject the plea and proceed to trial was uninformed. As it is counsel's responsibility to ensure that a defendant's decision to accept or reject a plea offer is reasonably informed, counsel's performance in this case was constitutionally deficient. However, this finding alone is insufficient to entitle a petitioner to relief. Prejudice must be established. *Strickland*, 466 U.S. at 686.

**B. Prejudice Prong**

11

Prejudice is said to exist only if there is a reasonable probability that, but for counsel's error, the result of the trial would have been different. *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome. *Id.*

The Supreme Court has addressed a claim of IAC where a defendant avers that his attorney gave him bad advice that caused him to wrongfully enter a guilty plea. *Hill*, 474 U.S. 52. In this situation, the Supreme Court explained that the test applied to evaluate whether the defendant was prejudiced was whether there was a reasonable likelihood that, but for counsel's errors, the defendant would not have pleaded guilty and would have proceeded to trial. *Id.* The Fifth Circuit has addressed an IAC claim where a petitioner asserts that inaccurate advice from counsel regarding sentencing exposure caused him to reject a plea offer. *Teague*, 60 F.3d at 1167. Under these circumstances, to establish prejudice there must be a reasonable probability that the defendant would have accepted the plea had counsel's advice been accurate. *Id.* at 1171-72.

Here, petitioner does not allege that he received inaccurate or otherwise flawed advice. Instead, Mead asserts that he received no information or consultation whatsoever with regard to the plea offer. At the same time, though, Mead concedes that he did learn of a plea deal on the morning that trial was set to commence. Normally, an evidentiary hearing would help to unravel whether there is a reasonable likelihood that Mead would have accepted the plea offer had he known of it sooner and received sufficient advice to understand its advantages and disadvantages. *U.S. v. Johnson*, 2010 WL 1521273 at 1 (5th Cir. 2010) (noting that when a petitioner makes a substantial showing that counsel's performance was constitutionally

defective, if the record does not conclusively indicate whether the terms of the plea were communicated to the defendant, an evidentiary hearing becomes necessary).

However, when a petitioner fails to develop the factual basis of a claim in the state court proceedings, the federal courts are not required to hold an evidentiary hearing unless the petitioner meets certain strict requirements, none of which have been shown to apply here. *See* 28 U.S.C. § 2254(e)(2). Federal courts have generally and consistently refused to hold an evidentiary hearing on a claim unless the petitioner alleges specific facts that would entitle him to relief. *See, e.g, U.S. v. Edwards*, 442 F.3d 258, 268 n.10 (5th Cir. 2006) (after the enactment of AEDPA); *Johnson v. Scott*, 68 F.3d 106, 112 (5th Cir. 1995) (before the enactment of AEDPA).

There is no direct allegation or any objective evidence offered to show that the petitioner would have accepted the alleged plea offer had he been informed of the deal sooner and been counseled as to its ramifications. The absence of such facts precludes a finding of prejudice. *See Hill*, 474 U.S. at 60 (holding that to adequately allege prejudice, a petitioner must allege in his habeas petition that he would not have pleaded guilty had counsel's advice been accurate); *Aeid v. Bennett*, 296 F.3d 58, 64 (2d Cir. 2002) (lack of assertion that plea would have been accepted was a critical omission fatal to claim). Thus, while the defendant in *Hill* accepted a plea bargain and Mead rejected one, both claims suffer from the same defect: failure to allege that correct advice from direct counsel would have altered the defendant's decision. As a result, petitioner cannot establish prejudice as required by *Strickland*. He is therefore not entitled to relief on his IAC claims.

Accordingly,

IT IS ORDERED that Alvin Mead's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 25th day of August, 2010.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**